UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JILL MOLARIS, J.P., a minor, and M.P., a minor, by and through their guardian ad litem, MARK WOODS,<br><br>  Plaintiffs,<br><br>  v.<br><br>COUNTY OF SIERRA, a California Municipality, SIERRA COUNTY DEPT. OF HUMAN SERVICES/SOCIAL SERVICES DEPARTMENT, a government agency organized and existing pursuant to the law and policy of the COUNTY OF SIERRA, CAROL ROBERTS, Director of the DEPT. OF HUMAN SERVICES, JAMES CURTIS, JAMES MARKS, JODI BENSON, and DOES 1-25,<br><br>  Defendants.<br>_____/ | NO. CIV. 2:11-1565 WBS KCN<br><br>ORDER RE: MOTION TO DISMISS |

----oo0oo----

   Plaintiffs Jill Molaris and her minor children, J.P. and M.P., brought this civil rights case against defendants the County of Sierra, Sierra County Department of Human Services/Social Services Department, Social Services Director

1

Carol Roberts, county counsel James Curtis, social worker supervisor James Marks, and social worker Jodi Benson based on defendants' conduct relating to Molaris's custody of her minor children.  In their First Amended Complaint, plaintiffs allege federal statutory claims under 42 U.S.C. §§ 1983, 1985, and 1986, state statutory claims under California Civil Code sections 43, 52.1, and 52, and state law claims for intentional infliction of emotional distress, abuse of process, negligence, invasion of privacy, and denial of due process.  Before the court is defendants' motion to dismiss the complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  This "plausibility standard," however, "asks for more than a sheer possibility that a defendant has acted unlawfully," Ashcroft v. Iqbal, 556 U.S. 662, ----, 129 S.Ct. 1937, 1949 (2009), and "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).  In deciding whether a plaintiff has stated a claim, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).

1           In relevant part, § 1983 provides,

2   Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress . . . .

While § 1983 is not itself a source of substantive rights, it provides a cause of action against any person who, under color of state law, deprives an individual of federal constitutional rights or limited federal statutory rights. 42 U.S.C. § 1983; Graham v. Connor, 490 U.S. 386, 393-94 (1989).

        Because "[s]ection 1983 does not contain its own statute of limitations," "federal courts borrow the statute of limitations for § 1983 claims applicable to personal injury claims in the forum state." TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999). In California, the statute of limitations for personal injury actions is two years. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004). In determining when a § 1983 claim accrues, federal law controls and thus a "claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." TwoRivers, 174 F.3d at 991.

        Here, plaintiffs filed their initial complaint on June 10, 2011, thus plaintiffs' § 1983 claim must be based on alleged misconduct that occurred within the two years prior to that date. See Sain v. City of Bend, 309 F.3d 1134, 1138 (9th Cir. 2002) ("[W]e hold that a § 1983 action is commenced in federal district court for purposes of the statute of limitations when the complaint is filed."). In their First Amended Complaint ("FAC"),

3

however, plaintiffs allege that M.P. and J.P. "were detained and removed from the custody of their mother" on January 26, 2009, and "declared dependents of the juvenile court" on February 26, 2009. (FAC ¶¶ 29-30.) Plaintiffs' § 1983 claims based on the removal of M.P. and J.P. in January 2009 and resulting dependency in February 2009 are therefore untimely and barred by the statute of limitations.[1]

Putting aside the alleged removal of the minor children in January 2009, it is unclear from the FAC whether defendants engaged in any conduct within the two-year statute of limitations that caused the deprivation of plaintiffs' constitutional rights. Specifically, while the FAC alleges various instances of misconduct by defendants, such as including false information in status reports, it does not allege that the misconduct caused a subsequent removal of the minor children. In fact, it is not even clear from the FAC that defendants' alleged misconduct in the two years prior to this lawsuit caused the continued separation of the minor children from their mother as the FAC makes numerous allegations suggesting that the children were in the custody of their mother at all times. (See FAC ¶ 44

---

[1] Plaintiffs have neither alleged in their FAC nor argued in their cursory opposition to defendants' motion to dismiss that their claims based on the January 2009 removal are timely because the statute of limitations was tolled. See generally TwoRivers, 174 F.3d at 992 ("[W]here the federal courts borrow the state statute of limitations, we also borrow the forum state's tolling rules."). In fact, plaintiffs do not even address the statute of limitations in their opposition.
  In paragraph 51 of their FAC, plaintiffs again refer to the "removal and detention of Plaintiffs J.P. and M.P.. [sic] from the care and custody of" their mother. Neither the FAC nor plaintiffs' opposition suggest that the removal alleged in this paragraph was separate from the January 2009 removal or occurred within the two years before plaintiffs filed this lawsuit.

1  ("Plaintiff MOLARIS'S daughter, Plaintiff MP, received four "A+",
2  one "A-", and one "B+", for the school year ending in June 2010,
3  while in the care of her mother."); id. ¶ 47 (alleging that
4  "Plaintiff's [sic] J.P. and M.P. were terrified that they were
5  going to be removed from their mother" based on a petition that
6  was heard on October 27, 2010); id. ¶ 50 ("On or about October
7  22, 2010, Plaintiff J.P. reported to his social worker, SW John
8  Hiatt, that he was worried about being taken away from his mom .
9  . . .").)

In their six-page opposition to defendants' motion, over half of which simply cuts and pastes eleven paragraphs from the FAC, plaintiffs fail to even identify the constitutional right at issue with regard to the alleged conduct after January of 2009. The court will not guess what constitutional amendment gives rise to plaintiffs' claims. Accordingly, because the only allegations clearly supporting a plausible constitutional violation occurred outside the applicable statute of limitations, the court must grant defendants' motion to dismiss plaintiffs' § 1983 claim as untimely. If plaintiffs wish to file an amended complaint based on alleged misconduct that occurred during the statutory period, the court expects plaintiffs to identify the constitutional right giving rise to their § 1983 claim in the amended complaint.

Defendants also assert entitlement to absolute immunity for any alleged misconduct that occurred during the two-year statutory period. The Ninth Circuit has held that, based on the similarity in the functions performed by social workers to the functions performed by prosecutors, "social workers are entitled

to absolute immunity in performing quasi-prosecutorial functions connected with the initiation and pursuit of child dependency proceedings." Meyers v. Contra Costa Cnty. Dep't of Soc. Servs., 812 F.2d 1154, 1157 (9th Cir. 1987). Because absolute immunity extends only to functions that were entitled to absolute immunity at common law, however, "the scope of absolute immunity for social workers is extremely narrow." Miller v. Gammie, 335 F.3d 889, 898 (9th Cir. 2003) (discussing Antoine v. Byers & Anderson, Inc., 508 U.S. 429 (1993)); see also id. at 897 ("The burden is on the official claiming absolute immunity to identify the common-law counterpart to the function that the official asserts is shielded by absolute immunity.").

For example, social workers "are not entitled to absolute immunity from claims that they fabricated evidence during an investigation or made false statements in a dependency petition affidavit that they signed under penalty of perjury, because such actions aren't similar to discretionary decisions about whether to prosecute." Beltran v. Santa Clara Cnty., 514 F.3d 906, 908 (9th Cir. 2008) (per curiam).[2] Because the court is dismissing plaintiffs' FAC in its entirety, the court will defer ruling on defendants' claim of absolute immunity if and until plaintiffs file an amended complaint that sufficiently

---

[2] Defendants cite Beltran v. Santa Clara County, 491 F.3d 1097 (9th Cir. 2007) for the proposition that "social workers are immune for their 'actions in investigating and presenting evidence to the dependency court.'" Id. at 1101 (quoting Doe v. Lebbos, 348 F.3d 820, 825 (9th Cir. 2003)). The Ninth Circuit voted, however, to rehear Beltran en banc. The en banc decision, Beltran, 514 F.3d 907, reached the opposite conclusion and expressly overturned Doe v. Lebbos. See Beltran, 514 F.3d at 908-09.

6

alleges violations of a constitutional right that occurred within the statutory period.

The lack of a timely § 1983 claim also forecloses plaintiffs' claims under §§ 1985 and 1986 and plaintiffs' Monell claim. See Thornton v. City of St. Helens, 425 F.3d 1158, 1168 (9th Cir. 2005) ("The absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations.") (internal quotation marks omitted); Trerice v. Pedersen, 769 F.2d 1398, 1403 (9th Cir. 1985) ("This Circuit has recently adopted the broadly accepted principle that a cause of action is not provided under 42 U.S.C. § 1986 absent a valid claim for relief under section 1985."); Dixon v. Wallowa Cty., 336 F.3d 1013, 1021 (9th Cir. 2003) (explaining that the lack of a successful § 1983 claim "precludes section 1983 municipal liability regardless of whether there was a County policy"). The court must therefore grant defendants' motion to dismiss those claims as well.

Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over state law claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); see also Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir. 1997) ("[A] federal district court with power to hear state law claims has discretion to keep, or decline to keep, them under the conditions set out in § 1367(c)."). Factors courts consider in deciding whether to dismiss supplemental state claims include judicial economy, convenience, fairness, and comity. Imagineering, Inc. v. Kiewit Pac. Co., 976 F.2d 1303, 1309 (9th

Cir. 1992). "[I]n the usual case in which federal law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims." Reynolds v. Cnty. of San Diego, 84 F.3d 1162, 1171 (9th Cir. 1996), overruled on other grounds by Acri, 114 F.3d at 1000.

Plaintiffs' case has been pending for only seven months, the court has yet to issue a Status (Pretrial Scheduling) Order, and the pending motion is the first that has been filed in the case. Plaintiffs also do not appear to regard their state law claims with great importance, spending one line in their opposition responding to defendants' six pages of argument attacking the sufficiency of their state law claims. (See Pls.' Opp'n at 6:17-18 ("Plaintiffs have plead sufficient facts to support a violation of Civil Code Sections 43 and 52.1 against defendants.").) As none of the parties raise any extraordinary or unusual circumstances suggesting that the court should retain jurisdiction over plaintiffs' state law claims in the absence of any federal claims, the court will decline to exercise supplemental jurisdiction under § 1367(c)(3) over plaintiffs' state law claims and will accordingly grant defendants' motion to dismiss those claims.

IT IS THEREFORE ORDERED that defendants' motion to dismiss plaintiffs' First Amended Complaint in its entirety be, and the same hereby is, GRANTED.

Plaintiffs have twenty days from the date of this Order
///
///

to file an amended complaint, if they can do so consistent with this Order.

DATED:  January 19, 2012

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE