1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                     EASTERN DISTRICT OF CALIFORNIA

10                           ----oo0oo----

11

12  JILL MOLARIS, J.P., a minor,
    and M.P., a minor, by and
13  through their guardian ad
    litem, MARK WOODS,
14                                    NO. CIV. 2:11-1565 WBS KCN
              Plaintiffs,
15
         v.                           ORDER RE: MOTION TO DISMISS
16
    COUNTY OF SIERRA, a California
17  Municipality, SIERRA COUNTY DEPT.
    OF HUMAN SERVICES/SOCIAL SERVICES
18  DEPARTMENT, a government agency
    organized and existing pursuant
19  to the law and policy of the
    COUNTY OF SIERRA, CAROL ROBERTS,
20  Director of the DEPT. OF HUMAN
    SERVICES, JAMES CURTIS, JAMES
21  MARKS, JODI BENSON, and DOES 1-
    25,
22
              Defendants.
23  _____/

24                           ----oo0oo----

25         Plaintiffs Jill Molaris and her minor children, J.P.

26  and M.P., brought this civil rights case against defendants the

27  County of Sierra, Sierra County Department of Human

28  Services/Social Services Department, Social Services Director

                                1

1  Carol Roberts, county counsel James Curtis, social worker

2  supervisor James Marks, and social worker Jodi Benson based on

3  defendants' conduct relating to Molaris's custody of her minor

4  children.  In their First Amended Complaint, plaintiffs allege

5  federal statutory claims under 42 U.S.C. §§ 1983, 1985, and 1986,

6  state statutory claims under California Civil Code sections 43,

7  52.1, and 52, and state law claims for intentional infliction of

8  emotional distress, abuse of process, negligence, invasion of

9  privacy, and denial of due process.  Before the court is

10 defendants' motion to dismiss the complaint in its entirety

11 pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure

12 to state a claim upon which relief can be granted.

13       To survive a motion to dismiss, a plaintiff must plead

14 "only enough facts to state a claim to relief that is plausible

15 on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570

16 (2007).  This "plausibility standard," however, "asks for more

17 than a sheer possibility that a defendant has acted unlawfully,"

18 Ashcroft v. Iqbal, 556 U.S. 662, ----, 129 S.Ct. 1937, 1949

19 (2009), and "[w]here a complaint pleads facts that are 'merely

20 consistent with' a defendant's liability, it 'stops short of the

21 line between possibility and plausibility of entitlement to

22 relief.'"  Id. (quoting Twombly, 550 U.S. at 557).  In deciding

23 whether a plaintiff has stated a claim, the court must accept the

24 allegations in the complaint as true and draw all reasonable

25 inferences in favor of the plaintiff. Scheuer v. Rhodes, 416

26 U.S. 232, 236 (1974), overruled on other grounds by Davis v.

27 Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322

28 (1972).

1          In relevant part, § 1983 provides,

2     Every person who, under color of any statute, ordinance,
      regulation, custom, or usage, of any State . . . ,
3     subjects, or causes to be subjected, any citizen of the
      United States . . . to the deprivation of any rights,
4     privileges, or immunities secured by the Constitution and
      laws, shall be liable to the party injured in an action
5     at law, suit in equity or other proper proceeding for
      redress . . . .

6

7  While § 1983 is not itself a source of substantive rights, it

8  provides a cause of action against any person who, under color of

9  state law, deprives an individual of federal constitutional

10 rights or limited federal statutory rights.  42 U.S.C. § 1983;

11 Graham v. Connor, 490 U.S. 386, 393-94 (1989).

12          Because "[s]ection 1983 does not contain its own

13 statute of limitations," "federal courts borrow the statute of

14 limitations for § 1983 claims applicable to personal injury

15 claims in the forum state."  TwoRivers v. Lewis, 174 F.3d 987,

16 991 (9th Cir. 1999).  In California, the statute of limitations

17 for personal injury actions is two years.  Jones v. Blanas, 393

18 F.3d 918, 927 (9th Cir. 2004).  In determining when a § 1983

19 claim accrues, federal law controls and thus a "claim accrues

20 when the plaintiff knows or has reason to know of the injury

21 which is the basis of the action."  TwoRivers, 174 F.3d at 991.

22          Here, plaintiffs filed their initial complaint on June

23 10, 2011, thus plaintiffs' § 1983 claim must be based on alleged

24 misconduct that occurred within the two years prior to that date.

25 See Sain v. City of Bend, 309 F.3d 1134, 1138 (9th Cir. 2002)

26 ("[W]e hold that a § 1983 action is commenced in federal district

27 court for purposes of the statute of limitations when the

28 complaint is filed.").  In their First Amended Complaint ("FAC"),

1  however, plaintiffs allege that M.P. and J.P. "were detained and

2  removed from the custody of their mother" on January 26, 2009,

3  and "declared dependents of the juvenile court" on February 26,

4  2009.  (FAC ¶¶ 29-30.)  Plaintiffs' § 1983 claims based on the

5  removal of M.P. and J.P. in January 2009 and resulting dependency

6  in February 2009 are therefore untimely and barred by the statute

7  of limitations.[1]

8          Putting aside the alleged removal of the minor children

9  in January 2009, it is unclear from the FAC whether defendants

10 engaged in any conduct within the two-year statute of limitations

11 that caused the deprivation of plaintiffs' constitutional rights.

12 Specifically, while the FAC alleges various instances of

13 misconduct by defendants, such as including false information in

14 status reports, it does not allege that the misconduct caused a

15 subsequent removal of the minor children.  In fact, it is not

16 even clear from the FAC that defendants' alleged misconduct in

17 the two years prior to this lawsuit caused the continued

18 separation of the minor children from their mother as the FAC

19 makes numerous allegations suggesting that the children were in

20 the custody of their mother at all times.  (See FAC ¶ 44

21

22         [1]    Plaintiffs have neither alleged in their FAC nor argued
   in their cursory opposition to defendants' motion to dismiss that
   their claims based on the January 2009 removal are timely because
23 the statute of limitations was tolled.  See generally TwoRivers,
   174 F.3d at 992 ("[W]here the federal courts borrow the state
24 statute of limitations, we also borrow the forum state's tolling
   rules.").  In fact, plaintiffs do not even address the statute of
25 limitations in their opposition.
         In paragraph 51 of their FAC, plaintiffs again refer to
26 the "removal and detention of Plaintiffs J.P. and M.P.. [sic]
   from the care and custody of" their mother.  Neither the FAC nor
27 plaintiffs' opposition suggest that the removal alleged in this
   paragraph was separate from the January 2009 removal or occurred
28 within the two years before plaintiffs filed this lawsuit.

1  ("Plaintiff MOLARIS'S daughter, Plaintiff MP, received four "A+",

2  one "A-", and one "B+", for the school year ending in June 2010,

3  while in the care of her mother."); id. ¶ 47 (alleging that

4  "Plaintiff's [sic] J.P. and M.P. were terrified that they were

5  going to be removed from their mother" based on a petition that

6  was heard on October 27, 2010); id. ¶ 50 ("On or about October

7  22, 2010, Plaintiff J.P. reported to his social worker, SW John

8  Hiatt, that he was worried about being taken away from his mom .

9  . . .").)

10          In their six-page opposition to defendants' motion,

11  over half of which simply cuts and pastes eleven paragraphs from

12  the FAC, plaintiffs fail to even identify the constitutional

13  right at issue with regard to the alleged conduct after January

14  of 2009.  The court will not guess what constitutional amendment

15  gives rise to plaintiffs' claims.   Accordingly, because the only

16  allegations clearly supporting a plausible constitutional

17  violation occurred outside the applicable statute of limitations,

18  the court must grant defendants' motion to dismiss plaintiffs' §

19  1983 claim as untimely.  If plaintiffs wish to file an amended

20  complaint based on alleged misconduct that occurred during the

21  statutory period, the court expects plaintiffs to identify the

22  constitutional right giving rise to their § 1983 claim in the

23  amended complaint.

24          Defendants also assert entitlement to absolute immunity

25  for any alleged misconduct that occurred during the two-year

26  statutory period.  The Ninth Circuit has held that, based on the

27  similarity in the functions performed by social workers to the

28  functions performed by prosecutors, "social workers are entitled

1  to absolute immunity in performing quasi-prosecutorial functions

2  connected with the initiation and pursuit of child dependency

3  proceedings."  Meyers v. Contra Costa Cnty. Dep't of Soc. Servs.,

4  812 F.2d 1154, 1157 (9th Cir. 1987).  Because absolute immunity

5  extends only to functions that were entitled to absolute immunity

6  at common law, however, "the scope of absolute immunity for

7  social workers is extremely narrow."  Miller v. Gammie, 335 F.3d

8  889, 898 (9th Cir. 2003) (discussing Antoine v. Byers & Anderson,

9  Inc., 508 U.S. 429 (1993)); see also id. at 897 ("The burden is

10 on the official claiming absolute immunity to identify the

11 common-law counterpart to the function that the official asserts

12 is shielded by absolute immunity.").

13         For example, social workers "are not entitled to

14 absolute immunity from claims that they fabricated evidence

15 during an investigation or made false statements in a dependency

16 petition affidavit that they signed under penalty of perjury,

17 because such actions aren't similar to discretionary decisions

18 about whether to prosecute."  Beltran v. Santa Clara Cnty., 514

19 F.3d 906, 908 (9th Cir. 2008) (per curiam).[2]  Because the court

20 is dismissing plaintiffs' FAC in its entirety, the court will

21 defer ruling on defendants' claim of absolute immunity if and

22 until plaintiffs file an amended complaint that sufficiently

23

24        [2]    Defendants cite Beltran v. Santa Clara County, 491 F.3d
   1097 (9th Cir. 2007) for the proposition that "social workers are
25 immune for their 'actions in investigating and presenting
   evidence to the dependency court.'"  Id. at 1101 (quoting Doe v.
26 Lebbos, 348 F.3d 820, 825 (9th Cir. 2003)).  The Ninth Circuit
   voted, however, to rehear Beltran en banc.  The en banc decision,
27 Beltran, 514 F.3d 907, reached the opposite conclusion and
   expressly overturned Doe v. Lebbos.  See Beltran, 514 F.3d at
28 908-09.

1 alleges violations of a constitutional right that occurred within

2 the statutory period.

3          The lack of a timely § 1983 claim also forecloses

4 plaintiffs' claims under §§ 1985 and 1986 and plaintiffs' Monell

5 claim.  See Thornton v. City of St. Helens, 425 F.3d 1158, 1168

6 (9th Cir. 2005) ("The absence of a section 1983 deprivation of

7 rights precludes a section 1985 conspiracy claim predicated on

8 the same allegations.") (internal quotation marks omitted);

9 Trerice v. Pedersen, 769 F.2d 1398, 1403 (9th Cir. 1985) ("This

10 Circuit has recently adopted the broadly accepted principle that

11 a cause of action is not provided under 42 U.S.C. § 1986 absent a

12 valid claim for relief under section 1985."); Dixon v. Wallowa

13 Cty., 336 F.3d 1013, 1021 (9th Cir. 2003) (explaining that the

14 lack of a successful § 1983 claim "precludes section 1983

15 municipal liability regardless of whether there was a County

16 policy").  The court must therefore grant defendants' motion to

17 dismiss those claims as well.

18          Under 28 U.S.C. § 1367(c)(3), a district court may

19 decline to exercise supplemental jurisdiction over state law

20 claims if "the district court has dismissed all claims over which

21 it has original jurisdiction."  28 U.S.C. § 1367(c)(3); see also

22 Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir. 1997)

23 ("[A] federal district court with power to hear state law claims

24 has discretion to keep, or decline to keep, them under the

25 conditions set out in § 1367(c).").  Factors courts consider in

26 deciding whether to dismiss supplemental state claims include

27 judicial economy, convenience, fairness, and comity.

28 Imagineering, Inc. v. Kiewit Pac. Co., 976 F.2d 1303, 1309 (9th

1 Cir. 1992).  "[I]n the usual case in which federal law claims are

2 eliminated before trial, the balance of factors . . . will point

3 toward declining to exercise jurisdiction over the remaining

4 state law claims."  <u>Reynolds v. Cnty. of San Diego</u>, 84 F.3d 1162,

5 1171 (9th Cir. 1996), <u>overruled on other grounds by</u> <u>Acri</u>, 114

6 F.3d at 1000.

7           Plaintiffs' case has been pending for only seven

8 months, the court has yet to issue a Status (Pretrial Scheduling)

9 Order, and the pending motion is the first that has been filed in

10 the case.  Plaintiffs also do not appear to regard their state

11 law claims with great importance, spending one line in their

12 opposition responding to defendants' six pages of argument

13 attacking the sufficiency of their state law claims.  (<u>See</u> Pls.'

14 Opp'n at 6:17-18 ("Plaintiffs have plead sufficient facts to

15 support a violation of Civil Code Sections 43 and 52.1 against

16 defendants.").)  As none of the parties raise any extraordinary

17 or unusual circumstances suggesting that the court should retain

18 jurisdiction over plaintiffs' state law claims in the absence of

19 any federal claims, the court will decline to exercise

20 supplemental jurisdiction under § 1367(c)(3) over plaintiffs'

21 state law claims and will accordingly grant defendants' motion to

22 dismiss those claims.

23           IT IS THEREFORE ORDERED that defendants' motion to

24 dismiss plaintiffs' First Amended Complaint in its entirety be,

25 and the same hereby is, GRANTED.

26           Plaintiffs have twenty days from the date of this Order

27 ///

28 ///

8

1 | to file an amended complaint, if they can do so consistent with
2 | this Order.
3 |
4 | DATED:   January 19, 2012
5 |
6 |
7 | _____
   | WILLIAM B. SHUBB
8 | UNITED STATES DISTRICT JUDGE
9 |
10 |
11 |
12 |
13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |